THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EDVIN ADOLFO LOPEZ-SANABRIA,
    *Petitioner*,

v.

PAMELA BONDI, *et al.*,
    *Respondents*.

1:25-cv-01511-MSN-WBP

## ORDER

Petitioner Edvin Adolfo Lopez-Sanabria has filed a five-count Petitioner for Writ of Habeas Corpus, (the "Petition"), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). ECF 1. Mr. Lopez-Sanabria is currently detained at Farmville Detention Center ("FDC"), an immigration detention center within this Court's jurisdiction. In his Petition, he argues that the Department of Homeland Security's ("DHS") invocation of the automatic stay of his release pursuant to 8 C.F.R. § 1003.19(i)(2), after an Immigration Judge ("IJ") ordered him released on bond, violates his rights to substantive and procedural due process (Counts I and II, respectively). Mr. Lopez-Sanabria further argues that his detention violates his right not to be subjected to excessive bail under the Eighth Amendment (Count III), violates the Immigration and Nationality Act ("INA") and is *ultra vires* (Count IV), and violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, in that it is unconstitutional, unlawful, arbitrary and capricious (Count V).

This Court has already concluded in an analogous case that an individual's detention pursuant to the automatic stay regulation violated his right to substantive and procedural due process. *See Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF (E.D. Va. Sept. 30, 2025). This Court adopts its reasoning in *Quispe-Ardiles* and grants the Petition as to Counts I and II.[1]

---

[1] Because the Court grants relief on due process grounds, it need not address the remainder of Mr. Lopez-Sanabria's claims.

I.   **BACKGROUND**

Mr. Lopez-Sanabria is a citizen of Honduras. ECF 1 ¶ 17. On January 1, 2019, he entered the United States without inspection near Rio Grande City, Texas. ECF 1-4 at 7. Mr. Lopez-Sanabria was arrested on a warrant that same day. ECF 1-4 at 1. On January 2, 2019, DHS released him on recognizance pursuant to INA § 236 with an order of supervision. ECF 1-4 at 3. Mr. Lopez-Sanabria subsequently moved to Maryland, where he lives with his wife and children, one of whom is a United States citizen. ECF 1 ¶ 22.

Within one year of arriving in the United States, Mr. Lopez-Sanabria sought relief from removal by filing an application for asylum. ECF 1 ¶¶ 19, 21. His asylum application has been pending for over five years. *Id.* at ¶ 19.

On August 19, 2025, ICE agents arrested Mr. Lopez-Sanabria in Washington, D.C., while he was on his way to work. *Id.* at ¶ 23; ECF 6-1 at 4. On August 21, 2025, ICE served him with a Notice to Appear,[2] (ECF 6-2 at 2), and transferred him to FDC (ECF 6-1 at 4). Mr. Lopez-Sanabria sought a custody redetermination order and, on September 2, 2025, an IJ granted him bond in the amount of $1,500, the statutory minimum.[3] *See* ECF 6-3 at 2. Before Mr. Lopez-Sanabria could secure his release, ICE filed a Form EOIR-43, Notice of Intent to Appeal Custody Redetermination, automatically staying the IJ's bond order pursuant to 8 C.F.R. § 1003.19(i)(2). ECF 6-4 at 30. ICE perfected the form by filing a notice of appeal of the IJ's bond determination on September 15, 2025. ECF 6-4 at 2-3. Mr. Lopez-Sanabria has been detained at FDC since. ECF 1 ¶ 11.

---

[2] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.
[3] 8 U.S.C. § 1226(a)(2)(A) provides that, after arresting and detaining a noncitizen, the Attorney General may "release the alien" pending a removal decision "on bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General."

On September 10, 2025, Mr. Lopez-Sanabria filed his Petition, naming Pamela Bondi, the Attorney General; Kristi Noem, the DHS Secretary; Todd M. Lyons, the Acting Director of ICE; and James A. Mullan, the Assistant Field Office Director of ICE's Washington Field Office (collectively "Federal Respondents"). ECF 1. The Petition also names Jeffrey Crawford, the warden of FDC. *Id.* The Federal Respondents have opposed the Petition. ECF 6.

## II.   ANALYSIS

Federal Respondents begin by contending that this Court lacks jurisdiction over Mr. Lopez-Sanabria' claims and that Mr. Lopez-Sanabria is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). This Court concludes, for the reasons stated in *Quispe-Ardiles*, that the Court has jurisdiction over Mr. Lopez-Sanabria's constitutional claims and that he is detained pursuant to 8 U.S.C. § 1226(a). *See* No. 1:25-cv-01382, slip op. at 4-14 (Sept. 30, 2025). Like in *Quispe-Ardiles*, Federal Respondents have consistently treated Mr. Lopez-Sanabria as subject to § 1226(a), including by arresting him on a warrant and releasing him on recognizance.[4] *See id.* at 11-12; ECF 1-4 at 1, 3. Moreover, applying § 1225(b)(2) to Mr. Lopez-Sanabria—a noncitizen who has not been admitted into the United States but has lived here for considerable time—would conflict with the statute's broader structure, the Supreme Court's traditional understanding of the relationship between §§ 1225(b) and 1226(a), and decades of immigration practice.[5] *See Quispe-Ardiles*, slip op. at 12-14.

---

[4] Federal Respondents rely on *Jimenez-Rodriguez v. Garland*, 996 F.3d 190 (4th Cir. 2021) to argue that because Mr. Lopez-Sanabria was never lawfully admitted and has applied for asylum, he is an applicant for admission who is "seeking admission," making him subject to § 1225(b)(2)(A). ECF 6 at 15-16. Federal Respondents' argument misreads *Jimenez-Rodriguez*. In *Jimenez-Rodriguez*, the Fourth Circuit considered whether a noncitizen who had never been lawfully admitted was "seeking admission" and could therefore be eligible for a waiver of inadmissibility. 996 F.3d at 194 n.2. Contrary to Federal Respondents' argument, the Fourth Circuit did *not* conclude that all noncitizens who are present in the United States but have not been lawfully admitted are "seeking admission" within the meaning of § 1225(b)(2)(A). Indeed, federal courts have rejected this very proposition. *See, e.g.*, *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *5-7 (S.D.N.Y. Aug. 13, 2025) (concluding that a habeas petitioner who had applied for asylum was not "seeking admission" within the meaning of § 1225(b)).

[5] At least thirty federal district courts around the country, including three in this Circuit, have concluded that § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures, apply to similarly situated petitioners. *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *7 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

Turning to Mr. Lopez Sanabria's Fifth Amendment claims, the Court concludes that his detention under the automatic stay regulation violates his right to substantive due process. As in *Quispe-Ardiles*, "[a]ny interest that the federal respondents may have in securing [Petitioner's] presence at immigration proceedings has been accounted for by the IJ's imposition of bond." Slip op. at 16 (quoting *Hasan v. Crawford*, No. 1:25-cv-01408 (LMB/IDD), 2025 WL 2682255, at *10 (E.D. Va. Sept. 19, 2025)); *see also Leal-Hernandez v. Noem*, No. 1:25-CV-02428-JRR, 2025 WL 2430025, at *13 (D. Md. Aug. 24, 2025); (concluding that any flight risk concerns were accounted for by the IJ's imposition of a $10,000 bond on the petitioner's release); *Herrera v. Knight*, No. 2:22-cv-01366-RFB-DJA, 2025 WL 2581792, at *12 (D. Nev. Sept. 5, 2025) (finding that respondents had not articulated "*any* interest—let alone a compelling interest" to justify the petitioner's continued detention through the automatic stay regulation). The Federal Respondents also do not contend that Mr. Lopez-Sanabria presents a safety or considerable flight risk. Indeed, he appears to have no criminal history and lives in this country with his wife and children, one of which is a United States citizen. ECF 1 ¶ 22. Instead, the automatic stay regulation has allowed DHS to unilaterally detain Mr. Lopez-Sanabria, even after the IJ made individualized findings that his continued detention was unnecessary. *See Quispe-Ardiles*, slip op. at 17 (concluding same). This continued arbitrary detention violates Mr. Lopez-Sanabria's right to substantive due process.

Mr. Lopez-Sanabria's detention under the automatic stay regulation also violates his right to procedural due process. Mr. Lopez-Sanabria has a substantial interest in release from physical detention, there is an acute risk that the automatic stay regulation will erroneously deprive him of liberty, additional safeguards such as a discretionary stay of release on bond would likely ameliorate that risk, and the Court discerns no significant governmental interest in continuing to hold Mr. Lopez-Sanabria without bond. *See Quispe-Ardiles*, slip op. at 17-20.

### III. CONCLUSION

For the reasons stated above, the Petition will be GRANTED as to Counts I and II, and it is hereby

ORDERED that Mr. Lopez-Sanabria be released from custody no later than 4:00 pm on Friday, October 3, 2025, with all his personal property, once he has posted the $1,500 bond set by the Immigration Judge; and it is further

ORDERED that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Mr. Lopez-Sanabria unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing; and it is further

ORDERED that Respondents file a notice with the Court confirming Mr. Lopez-Sanabria's release.

The Clerk is directed to enter judgment in Mr. Lopez-Sanabria's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of the Order and accompanying Memorandum Opinion to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

October 3, 2025
Alexandria, Virginia